Argued and submitted June 18, 2020, reversed and remanded
September 9, 2021

Ryan LUFKIN
and Erin Fitzgerald,
*Petitioners,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Respondent.*

Department of Human Services
890585; A169713

499 P3d 833

Petitioners seek judicial review of a Department of Human Services (DHS) decision that denied petitioners the right to appeal a Child and Adolescent Needs and Strengths (CANS) assessment. DHS determined that petitioners waived their right to appeal the CANS assessment when they entered into an Adoption Assistance (AA) Agreement with DHS. On judicial review, petitioners argue that the AA Agreement did not contain a waiver of their statutory right to appeal and that a waiver secured in this context is unconscionable and therefore unenforceable. *Held*: The statutes and administrative rules governing AA Agreements do not contemplate a waiver of appeal rights. Although waivers of statutory rights may be expressed in contracts, such waiver must clearly indicate an intention to renounce a known right. The specific terms of the AA Agreement did not indicate any intention to waive appeal rights associated with the CANS assessment.

Reversed and remanded.

Ryan Lufkin argued the cause for petitioners. Also on the briefs was Erin K. Fitzgerald. Also on the reply and supplemental briefs was Case & Dusterhoff, LLP.

Denise Fjordbeck, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Judy C. Lucas, Assistant Attorney General.

Before Lagesen, Presiding Judge, and James, Judge, and Powers, Judge.

JAMES, J.

Reversed and remanded.

**JAMES, J.**

This is a petition for judicial review from a Department of Human Services (DHS) decision that denied petitioners the right to appeal a Child and Adolescent Needs and Strengths (CANS) assessment. DHS determined that petitioners had waived their right to appeal the CANS assessment upon entering into an Adoptive Assistance (AA) Agreement. We conclude that petitioners did not waive the right to appeal the CANS assessment, and accordingly reverse and remand.

J was a foster child under the authority of DHS, and petitioners were his foster parents. In March 2017, petitioners started the process of adopting J. To finalize the adoption, DHS and the adoptive parents had to sign an AA Agreement that sets the monthly adoption assistance payment to be received by the adoptive parents. Such payment has two portions: a level of care portion determined by a CANS assessment and a negotiated portion.

In October 2017, DHS performed a CANS assessment that concluded that J's level of care should be reduced from level 3 to level 1. That change reduced the level of care payment portion from $850 to $212. The CANS assessment should have been completed by DHS in June 2017, but DHS neglected to do so.

On October 26, 2017, DHS sent an email to petitioners informing them of the results of the CANS assessment and petitioners could request a hearing to contest the results if they felt the results were inaccurate. Petitioners replied, "well of course it isn't accurate, but of course we can't do anything about it due to the timelines involved" and asked "how soon after the adoption is final can we have him reassessed? We can't appeal this because of the timing, however we would absolutely appeal if timing was not an issue." Petitioners were afraid to lose an adoption tax credit if the adoption was not finalized before the end of 2017.

On November 3, 2017, DHS mailed petitioners a Notice of Decision Reducing Level of Care Determination that provided rights and the process for requesting a hearing to contest the reduction in level of care. On November 8,

2017, petitioners signed the AA Agreement that provided that "the amount of monthly adoption assistance shall total $811.16 and *** does include a Level of Care payment." Petitioners did not receive DHS's notice containing their right and process to request a hearing to contest before signing the AA Agreement, and the AA Agreement did not contain any explicit waiver clauses of such right.

Shortly after signing the AA Agreement, petitioners received the Notice of Decision Reducing Level of Care Determination. On November 28, 2017, petitioners requested a hearing to contest the level of care reduction within the time frame described in the notice. DHS sent the matter to the Office of Administrative Hearings (OAH) on whether petitioners waived the right for a hearing. The administrative law judge's proposed order concluded that petitioners waived the right to a hearing and recommended that DHS deny the request. On September 12, 2018, DHS received petitioner's exceptions to the proposed order. DHS's final order was made in accordance with OHA's recommendation and entered on November 28, 2018, and this appeal followed.

DHS's arguments are largely grounded in two rationales. First, that the structure of AA Agreements, by setting a number that is based, in part, on the CANS assessment, necessarily contemplates a waiver of any appeal of that same CANS assessment. Second, that this particular AA Agreement, and the communication between petitioners and DHS in this case, evidence a waiver of that appellate right. We disagree on both.

First, DHS supplies us no language in the statutes or rules that govern AA Agreements, and we are aware of no language, that explicitly waives a CANS appeal, or even discusses waiver of such an appeal. Accordingly, if any such waiver is to be found, it must be found in the unique facts of this case.

A waiver of a statutory right should be strictly construed. "The general rule in Oregon is that, although waivers of constitutional and statutory rights may be expressed through contract terms, those terms must clearly indicate

an intention to renounce a known privilege or power." *Assn. of Oregon Corrections Emp. v. State of Oregon*, 353 Or 170, 183, 295 P3d 38 (2013) (internal quotation marks omitted). Nothing in the specific AA Agreement that DHS required petitioners to sign spoke to waiver of the appeal of the CANS assessment. Even assuming the various email exchanges between petitioners and DHS could create an ambiguity in the AA Agreement as to waiver, "it is a basic tenet of contract law that ambiguous language in a contract is construed against the *drafter* of the contract." *Berry v. Lucas*, 210 Or App 334, 339, 150 P3d 424 (2006) (emphasis added). Here, even if some ambiguity existed as to waiver, it would not be DHS that benefitted from that ambiguity. In sum, nothing in the AA Agreement petitioners signed clearly evidenced their intention to renounce their right to appeal the CANS assessment, and DHS erred in concluding otherwise.

Reversed and remanded.